Judge Green,
delivered the opinion of the Court.*
*447 The paper which was the foundation of the action In this «ase, was a simple contract. The declaration, therefore, should have’claimed according to the legal effect of the contract, that is, the principal sum, and not the penalty; and should have noticed the penalty, only by way of describing the instrument sued upon. The defendant Jenkins, having appeared and pleaded, and afterwards waived Ms plea, this fault in the declaration, which might have been demurred to for that cause, is cured by the provisions of the statute of Jeofails, which took effect on the 1st day of January, 1820; and being cured as to Jenkins, is cured as to the other defendant. The terms of the statute are general: cl No judgment, after the verdict of twelve men, shall he staid or reversed, &c.; nor shall any judgment, entered by nil dicit or non sum informatus, be reversed, nor a judgment, after enquiry of damages, be stayed or reversed, for any omission or fault, which would not be a good cause to stay or reverse the judgment, if there had been a verdict.” In a joint action upon contract, the plaintiff must have judgment against all the defendants before the Court, or he can have judgment against none, if, therefore, one of the defendants, who had suffered judgment by default for want, of appearance, could, notwithstanding a verdict against another defendant, alledge errors in the proceedings, for arresting or reversing the judgment against Mm, which would have been cured by a verdict against him, it would have the effect of arresting or reversing’ the judgment as to the other party also, against whom there was a verdict; and so the provision of the statute would be frustrated. The consequence is, that if the statute of Jeofails operates as to one of the defendants, it operates as to the others also, although they may be in default for want of appearance. This was the construction given in England to the statute of 18 Eliz. ch. 14, § 1, which provides, siIf any verdict of twelve men or more shall be given, the judgment thereupon shall not be staid or reversed, for want of any writ, original or judicial, &c.” In trespass against *448 three, one pleaded not guilty, upon which they were at issue, and the defendant had a verdict. There was judgment by default against the other two, and a writ of enquiry; and they only brought a writ of error, and assign-e(j for elTor the want of an original, and that this is not cured by the verdict for the one defendant; but if the verdict had been for the plaintiff against the one defendant, this had been aided by the statute; for the want of an original quoad all, is cured when any verdict is for the plaintiff; and the other two may bring a writ of error without the third, for he cannot be joined, because he is acquitted, and therefore cannot say that the judgment is to his damage. And so held all the Court, except Twisden; who held that the writ of error should be brought by all three. Cannon v. Abbott, 3 Lev. 210; cited in Vin. Abr. Amendment, N. pl. 1, n.
The plaintiff was, therefore, entitled to a judgment, such as the very right of the case would have warranted,that is, a joint judgment against both of the defendants, for the principal sum and interest due upon the note.
. The judgment of the Superior Court should be reversed with costs. And this Court giving such judgment as the Superior Court ought to have given, the judgment of the County Court against the defendants severally, should be also reversed with costs, and a joint judgment entered against both the defendants, for the principal sum due by the note, and interest thereon from the 26th day of December, 1819, and the costs of the County Court, &c.

 Judges Coalter and Cabell, absent.